UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY SHORTER, ) | NO. CV 09-1466 MMM (FFM) |
| Petitioner, ) | ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| v. ) | |
| DERRAL ADAMS, CSP-Corcoran, ) | |
| Respondent. ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire record in this action, the attached Report and Recommendation of United States Magistrate Judge ("Report"), and the objections thereto. Good cause appearing, the Court concurs with and adopts the findings of fact, conclusions of law, and recommendations contained in the Report after having made a de novo determination of the portions to which objections were directed. The court notes petitioner's objection that he did not receive notice that the California Supreme Court had denied his Petition for Writ of Habeas Corpus until September 17, 2008. Assuming, without deciding, that this is true, Judge Mumm calculated that petitioner had 91 days remaining to file a federal habeas petition when the Supreme Court denied his state habeas petition. If one assumes that this 91 days runs from September 17, 2008 rather than July 31, 2008, petitioner's federal filing was nonetheless untimely, as he did not sign the petition in this action until February 25, 2009, some 155 days after September 17, 2008.

1    Petitioner also objects on the basis that, on October 2, 2008 he sent a letter to the court
2 asking whether he needed an "official document" from the California Supreme Court before he could
3 file a federal petition.  Petitioner contends he waited for a response from the court, and having received
4 none, eventually filed a petition on February 25, 2009.  Assuming petitioner sent such a letter to the
5 court – a document of which the court has no record – waiting for a response to his question is not an
6 "extraordinary circumstance[ ] beyond a prisoner's control [making] it impossible to file a petition on
7 time," *Calderon v. United States District Ct.*, 128 F.3d 1283, 1287-89 (9th Cir. 1997), as the court has
8 no obligation to provide legal advice to petitioners, *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[d]istrict
9 judges have no obligation to act as counsel or paralegal to *pro se* litigants").

10    IT IS THEREFORE ORDERED that judgment be entered dismissing this action
11 with prejudice.

DATED:  August 9, 2010

_____
MARGARET M. MORROW
United States District Judge